[No. 2991.]

JAMES JACKSON v. THE STATE.

1. PRACTICE—PLEA.—Unless the transcript on appeal discloses that a plea by or for the accused was entered, a conviction cannot stand.
2. SAME—PLAYING CARDS IN A PUBLIC PLACE.—INDICTMENT for playing cards in a public place must allege the facts constituting the place a public place, unless the place alleged be one of those enumerated in the Penal Code. Allegation that the game was played "in a public place, to-wit, in the room back of the Gilt Edge saloon," is not sufficient.

Appeal from the County Court of Coleman. Tried below before the Hon. W. O. Read, County Judge.

The opinion discloses the nature of the case. The penalty imposed by the verdict was a fine of ten dollars.

*Coleman & Randolph,* for the appellant.

*J H. Burts,* Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for playing cards. In the record we find two errors fatal to the judgment. 1. There is no plea by defendant. 2. The indictment alleges that defendant did unlawfully play at a game of cards "in a public place, to-wit, in the room back of the Gilt Edge saloon."

The rule upon this subject is that if the indictment alleges that the playing took place in or at a house or place mentioned in the Code, this will suffice; but if the playing occurred in or at any other public house or place, not mentioned in the Code, the facts constituting it a public house or place must be alleged.

It is charged in the indictment that the playing occurred in a room back of the Gilt Edge saloon, and that this room was a public place. How far from the saloon was this room "back of the saloon" situated? What connection was there between the saloon and this "room back of the saloon?" If this room had been attached to a public house, and was commonly used for gaming, an indictment charging a house named in the Code or setting forth the facts constituting the house a public house, and alleging that the room in which the game was played was attached to such house, would be good. But if the room, house or place is not mentioned in the Code, but is nevertheless public, the facts making it public must be stated in the indictment.

Because there is no plea by defendant, and because the indictment is defective in substance, the judgment is reversed, and because of an insufficient indictment, the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered May 31, 1884.